IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:14-CR-03-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| MICHAEL RANKINS, | ) | |

This matter is before the Court on defendant's fifth *pro se* motion for appointment of counsel. [DE 106]. A hearing was held before the undersigned on January 27, 2015 in Raleigh, North Carolina. For the following reasons, defendant's motion for new counsel is DENIED.

## BACKGROUND

In lieu of reinventing the wheel, the Court incorporates by reference the background laid out in the Court's order filed January 11, 2015. [DE 106]. Subsequent to that order, defendant filed the instant motion for new counsel, his fifth. [DE 106]. Defense counsel responded the following day to let the Court know that he does not join in defendant's motion. [DE 107].

## DISCUSSION

In the instant motion, Mr. Rankins alleges that Attorney Dysart used a racial remark in conversation and has not met with defendant since November 2014. At the hearing, the Court heard from both Attorney Dysart, who denied using any racial slur, and Mr. Rankins. The Court believes Attorney Dysart and finds that no racial slur was used. Attorney Dysart also explained that Mr. Rankins terminated their previous meeting, after which he refused to meet with Attorney Dysart.

As the Court has explained in previous orders, the Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105,

107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108. "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* at 107. In determining whether good cause exists, the Court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and Attorney Dysart is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Id.* at 108.

As with defendant's previous motions, Mr. Rankins's motion is timely, but the Court does not find his rationale for new counsel persuasive. This is his fifth pro se motion for new counsel. He alleges he has difficulty communicating with his attorney, but it is clear that any difficulty is self-created, as he refuses to meet with his attorney and fabricates conflict. Accordingly, after considering the factors set forth in *Gallop*, the Court sees no need appoint new counsel. Furthermore, Mr. Rankins has obstructed orderly judicial procedure by filing frivolous motions for new counsel since the onset of his case. To ensure the orderly administration of justice, the Court will not hold hearings on any further pro se motions for new counsel and the case will proceed to trial as scheduled. Accordingly, defendant's motion for new counsel is DENIED.

CONCLUSION

For the foregoing reasons, defendant's motion for new counsel is DENIED.

SO ORDERED, this 28 day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE