IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CR-3-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL RANKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release, (DE 364).[1] The government responded in opposition and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On August 6, 2018, the court sentenced defendant to 135 months' imprisonment following his convictions for armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. The United States Court of Appeals for the Fourth Circuit affirmed defendant's conviction and sentence. On April 2, 2020, defendant filed the instant motion for compassionate release, based on his risk of contracting the communicable disease known as COVID-19. Defendant argues his chronic health conditions, including various cardiovascular conditions, place him at higher risk of complications if he contracts the virus. On April 20, 2020, the court directed the government respond to the motion. The government filed its opposition on May 4, 2020.

---

[1] Also pending, but not ripe for adjudication, is defendant's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which the court will address by separate order.

# DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. The court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[2]

As reflected in the government's response, defendant failed to exhaust administrative remedies prior to filing the instant motion. (See DE 368-1 ¶¶ 5-9). Defendant first requested compassionate release based on his medical issues on November 10, 2019, and the warden denied the request approximately two weeks later. (Id. ¶ 6). Defendant, however, failed to fully exhaust his administrative appeals after the warden denied the request. (Id. ¶ 9). Defendant requested compassionate release again on March 26, 2020. (Id. ¶ 5). The warden denied the second request on April 23, 2020, and defendant has not exhausted his administrative appeals with respect to his second request for compassionate release. (See id.).

---

[2] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

2

Case 2:14-cr-00003-FL   Document 375   Filed 05/14/20   Page 2 of 3

Even assuming defendant exhausted administrative remedies, however, he is not entitled to compassionate release at this time. The presence of COVID-19 in the federal prison system standing alone does not constitute extraordinary and compelling circumstances justifying compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). With respect to defendant's particularized risk, no COVID-19 cases have been detected at the Federal Correctional Institution in Terre Haute, Indiana ("FCI-Terre Haute"), where defendant is housed. See Fed. Bureau of Prisons, COVID-19 Coronavirus, (May 14, 2020), www.bop.gov/coronavirus. The Federal Bureau of Prisons ("FBOP") also has implemented "extensive and professional efforts to curtail the [spread of COVID-19]" and thus the court declines to adopt defendant's speculative theory that COVID-19 will soon spread uncontrollably through FCI-Terre Haute. See Raia, 954 F.3d at 597 (citing Fed. Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 p.m.), https://www.bop.gov/resources/news/20200313_covid-19.jsp)). Finally, in the event that COVID-19 spreads to FCI-Terre Haute, the FBOP is better positioned to determine in the first instance whether defendant's medical conditions and the spread of the virus justify compassionate release, home confinement, or similar relief.

## CONCLUSION

Based upon the foregoing, the court DENIES defendant's motion for compassionate release (DE 364).

SO ORDERED, this the 14th day of May, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

3